(No. 4382—)

Amos R. Eaton, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 8, 1952.*

Dunn and Dunn, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Lansden, J.

Claimant, Amos R. Eaton, seeks to recover from respondent under the Workmen's Compensation Act for injuries to his right wrist and arm, which resulted from an accident that arose out of and in the course of his employment as a farm hand at the Illinois Soldiers' and Sailors' Children's Home, Normal, Illinois, operated by the Department of Public Welfare.

Previously an opinion was filed in this case on April 10, 1951, which overruled respondent's motion to dismiss, and held that claimant was entitled to the benefits of the Workmen's Compensation Act, because each and every employee of respondent without exception is under the Act. *Miller* vs. *State*, 16 C.C.R. 194.

On May 18, 1950, claimant attempted to start the engine of a tractor by cranking, but the engine "kicked", causing the crank to reverse its direction suddenly and with extreme force, so that claimant sustained a chip fracture of his right wrist, and traumatic aggravation from his fingers to his shoulder.

No jurisdictional questions are involved, and the sole question in this case is the nature and extent of claimant's disability.

Claimant lost no time from his employment from May 18, 1950 until August 15, 1950, when he took a

leave of absence from his job with respondent. However, he was bothered all the time by pain and stiffness in his right arm and wrist. Claimant resigned from State employment on November 20, 1950.

Although claimant maintains he should be awarded compensation either for total permanent disability or permanent partial disability, the record wholly fails to support such contention.

But, claimant is entitled to an award for the specific loss of partial use of his right arm under Section 8 (e) (13) of the Workmen's Compensation Act.

On the date of the hearing before Commissioner Wise, claimant's injury to his right arm had reached its maximum recovery. His wrist was swollen, and X-Rays showed calcification of the vessels of the wrist. There was evidence of traumatic arthritis in his right shoulder, and his grip in his right hand was lessened. There was limitation of flexion, extension and rotation in his right arm, and a 50% loss of abduction of the arm. A comparison of claimant's left arm with his right disclosed that such uninjured arm was also limited somewhat in its function, because claimant was 75 years of age on the date of his accident.

We conclude that claimant has sustained a 20% loss of his right arm.

Respondent did not furnish claimant with all medical services required to cure and relieve him of the effects of his accident. Claimant paid $12.50 for X-Rays, and $36.00 for osteopathic treatments. Claimant still owes Dr. Ross Elvidge, Normal, Illinois, $65.00 for hydro-therapy treatments and inter-muscular injections. Respondent is liable for these bills.

On the date of his accident, claimant was 75 years of age, married, but had no children dependent upon

him for support. His earnings in the year prior to his accident amounted to $2,217.06, and his rate of compensation is, therefore, $22.50 per week.

Paul E. Kelly, official court reporter, Bloomington, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Wise. His charges amount to $76.00, which are reasonable and customary, and an award is entered in favor of Paul E. Kelly for $76.00.

Awards are entered in favor of claimant, Amos R. Eaton, under Sections 8 (a) (e) (13) for medical bills, and a 20% loss of use of his right arm, respectively, payable as follows:

(1) To claimant for medical bills the sum of $48.50, payable forthwith.

(2) To claimant for the use of Dr. Ross Elvidge for professional services the sum of $65.00, payable forthwith.

(3) To claimant for a 20% loss of use of his right arm, 45 weeks at $22.50 per week, or the sum of $1,012.50, all of which has accrued, and is payable forthwith.

These awards are subject to the approval of the Governor. Ill. Rev. Stat., 1951, Chap. 127, Sec. 180.